ROBERT S. BREWER, JR.
United States Attorney
LEAH R. BUSSELL
Assistant U.S. Attorney
California State Bar 141400
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-6727
E-mail: Leah.Bussell@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. '20CV0363 BEN WVG |
|---|---|
| Plaintiff, | COMPLAINT FOR CIVIL FORFEITURE |
| v. | |
| $1,641,290.10 IN NET PROCEEDS FROM THE SALE OF REAL PROPERTY LOCATED AT 4633 PERHAM ROAD, CORONA DEL MAR, CA 92625, | |
| $44,074.58 IN LIEU OF REAL PROPERTY LOCATED AT 226 VILLA POINT DRIVE, NEWPORT BEACH, CA 92660, | |
| $46,000.00 IN LIEU OF VARIOUS JEWELRY ITEMS, | |
| $38,072.55 IN LIEU OF 2017 LAND ROVER, VIN SALGS5FE2HA321187, | |
| Defendants 1-4. | |

By way of complaint against the defendants listed in the caption above (collectively referred to hereinafter as the "Defendants"), the United States of America alleges:

1.      This Court has jurisdiction over this action by virtue of the provisions of Title 18, United States Code, Sections 981(a)(1)(C), because the Defendants constitute any property, real or personal, which constitute or are derived from proceeds traceable

to the commission of Securities Fraud offenses, including Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

2.     Venue is proper in this district as to the Defendants pursuant to Title 28, United States Code, Section 1355 because acts or omissions giving rise to the forfeiture of the Defendants occurred in this district.

## THE FRAUD SCHEME

3.     Gannon Giguiere worked as a stock promoter in Southern California. Based on various records including open source records, Giguiere has operated, managed, and controlled a stock promotion website called TheMoneyStreet.com since at least as early as 2016.

4.     Eco Science Solutions, Inc. ("ESSI") was a Nevada corporation with its principal place of business in Makawao, Hawaii. ESSI's stock was publicly traded on over-the-counter markets.

5.     According to annual filings with the United States Securities and Exchange Commission ("SEC") by ESSI along with ESSI corporate press releases, ESSI pursued several distinct business lines from 2014 through 2017. In 2014, the company was focused on an advanced spark plug called the "EcoFlora Plug". In 2015, ESSI purported to have purchased a technology application known as "Stay Hydrated". In 2016, ESSI claimed it "operate[d] Herbo and develop[ed] solutions that empower cannabis enthusiasts in their pursuit and enjoyment of their cannabis lifestyle." Herbo purportedly was an app to facilitate the delivery of marijuana after an online purchase. In 2017, ESSI claimed to be a health, wellness and alternative medicines business that connected consumers with likeminded businesses.

6.     From on or about April 18, 2016 through on or about October 27, 2016, Giguiere obtained approximately 6,207,953 shares of ESSI stock from ESSI in connection with services provided to ESSI pursuant to a technology licensing and marketing support agreement with Giguiere's company

Separation Degrees – One, Inc. ("SDOI"). Giguiere deposited and held those ESSI shares at domestic brokerage firms ("ESSI Brokerage Accounts").

7.      Throughout 2016, Giguiere promoted, or caused the promotion of, ESSI and its stock on TheMoneyStreet.com, by utilizing several promotional mechanisms. Based on open records, these promotional mechanisms included making ESSI the "Featured Company" on the home page of TheMoneyStreet.com and including ESSI on scrolling windows on its home page.

8.      On or about December 29, 2016, Giguiere submitted to a brokerage firm, in connection with ESSI stock, a "Stock Promotion Affidavit" falsely stating that "I am not involved in any promotional activity whatsoever. Third parties, of which I cannot control, will/may opine on what they choose to on any security listed, on any exchange."

9.      Based on open source records, in the period before TheMoneyStreet.com promotions ran (December 1, 2015 through January 21, 2016), ESSI stock average daily volume was 1,225 shares and its price was less than $.02 per share. By January 2017, the price was up to $4.80 per share, with an average daily volume of at least 800,000 shares.

10.     From on or about July 5, 2016 through on or about January 18, 2017, Giguiere sold, or caused to be sold, approximately 5,839,444 shares of ESSI stock from two ESSI Brokerage Accounts for gross proceeds of approximately $8,564,401. ("ESSI Proceeds").

11.     All of the foregoing demonstrates that at least a portion of the ESSI Proceeds which were obtained by Giguiere constitute proceeds of a securities fraud scheme by Giguiere to make use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative deceptive device or contrivance in contravention of such rules and regulations.

Specifically, Giguiere made untrue statements of material fact by representing to a brokerage firm that he was not engaged in promotional activities on behalf of ESSI, in connection with the deposit and sale of ESSI stock.

**COUNT 1**

<u>DEFENDANT ONE: $1,641,290.10 IN NET PROCEEDS FROM THE SALE OF</u>
<u>REAL PROPERTY LOCATED AT 4633 PERHAM ROAD,</u>
<u>CORONA DEL MAR, CA 92625</u>

12.    The allegations contained in paragraphs 1 through 11 above are incorporated herein by reference and included as a part hereof.

13.    Giguiere, as Trustee of the Giguiere Family Trust established March 17, 2005, utilized ESSI Proceeds to purchase real property located at 4633 Perham Road, Corona Del Mar, CA 92625. ("Defendant Perham Property") The real property is more particularly described as:

**ASSESSOR'S PARCEL NO. 475-043-08**

> Lot 124 of Tract 3357, in the City of Newport Beach, the County of Orange, State of California, as shown on a Map thereof recorded in Book 107 Pages 1 to 7, inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County.

14.    In a related criminal case, *United States of America v. Gannon Giguiere, et al.*, case number 18-cr-03071-WQH (the "Criminal Case"), the Court approved a stipulation between the criminal defendant Gannon Giguiere and the United States and ordered the Interlocutory Sale of 4633 Perham Road, Corona Del Mar, CA 92625, on October 9, 2018 (Doc. 60). The court ordered the net proceeds from the sale be deposited with the United States Marshals Service and serve as a substitute res subject to forfeiture to the United States.

15.    In response to a second stipulation between the parties, the court entered an Order in the Criminal Case (Doc. 103), on April 11, 2019, that $166,983.40 of the net proceeds from the sale of the Perham Property be returned to Giguiere. The return

of funds resulted in the United States Marshals Service possessing a total of $1,641,290.10 in net proceeds from the sale of the Defendant Perham Property.

16.     The Defendant One, $1,641,290.10, constitutes or is derived from proceeds traceable to the commission of Securities Fraud offenses, including violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

17.     By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, the Defendant $1,641,290.10 in net proceeds from the sale of the Defendant Perham Property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## COUNT 2

DEFENDANT TWO: $44,074.58 IN LIEU OF REAL PROPERTY LOCATED AT 226 VILLA POINT DRIVE, NEWPORT BEACH, CA 92660

18.     The allegations contained in paragraphs 1 through 11 above are incorporated herein by reference and included as a part hereof.

19.     Giguiere, as Trustee of the Giguiere Family Trust dated March 17, 2005, utilized ESSI Proceeds to purchase real property located at 226 Villa Point Drive, Newport Beach, CA 92660 ("Defendant Villa Point Property"). The Defendant Villa Point Property is more particularly described as:

### ASSESSOR'S PARCEL NO. 939-635-68

Unit 72, Lot 2 of Tract 11937, in the City of Newport Beach, the County of Orange, State of California, as shown on a Map thereof recorded in Book 656 Pages 24 to 29, inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County.

20.     Pursuant to an agreement between the United States and Giguiere, Giguiere paid to the United States Marshals Service in the amount of $44,074.58 in exchange for a release of the Lis Pendens the United States filed on the Defendant Villa Point Property. The United States and Giguiere agreed that the $44,074.58 be

substituted as if it were the Defendant Villa Point Property, subject to the forfeiture allegations of the Indictment in the Criminal Case.

21.     Defendant Two, $44,074.58, (as a substitute res) constitutes or is derived from proceeds traceable to the commission of Securities Fraud offenses, including violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

22.     By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, the Defendant Two, $44,074.58 is subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C).

**COUNT 3**

DEFENDANT THREE: $46,000.00 IN LIEU OF VARIOUS JEWELRY ITEMS

23.     The allegations contained in paragraphs 1 through 11 above are incorporated herein by reference and included as a part hereof.

24.     Giguiere utilized ESSI Proceeds to purchase various jewelry items (the "Defendant Jewelry"). The Defendant Jewelry is more particularly described as:

> a) One Diamond Necklace with Flower Design;
> b) One pair of Diamond Earrings with Flower Design;
> c) One Gold Bangle Bracelet; and
> d) One Pair of Gold Hoop Earrings.

25.     In response to a stipulation between Giguiere and the United States in the related criminal case, the Court entered an Order in the Criminal Case (Doc. 114), on May 17, 2019, and ordered Giguiere to pay the United States $46,000.00 in exchange for the return of the Defendant Jewelry. The Court ordered that the $46,000.00 be substituted as if it were the Defendant Jewelry, subject to the forfeiture allegations of the Indictment in the Criminal Case.

26.     Defendant Three, $46,000.00, (as a substitute res) constitutes or is derived from proceeds traceable to the commission of Securities Fraud offenses, including violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

27.    By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, Defendant Three $46,000.00 is subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(C).

**COUNT 4**

<u>DEFENDANT FOUR: $38,072.55 IN LIEU OF 2017 LAND ROVER, VIN SALGS5FE2HA321187</u>

28.    The allegations contained in paragraphs 1 through 11 above are incorporated herein by reference and included as a part hereof.

29.    Giguiere utilized ESSI Proceeds to purchase a 2017 Land Rover, VIN SALGS5FE2HA321187 ("Defendant Land Rover"). Giguiere is the sole titled owner of the Defendant Four Land Rover.

30.    In response to a stipulation between Giguiere and the United States in the related criminal case, the Court entered an Order in the Criminal Case (Doc. 121), on July 8, 2019, and ordered Giguere to pay the United States $38,072.55 in exchange for the return of the Defendant Land Rover.  The Court ordered that the $38,072.55 be substituted as if it were the Defendant Land Rover, subject to the forfeiture allegations of the Superseding Indictment in the Criminal Case.

31.    Defendant Four, $38,072.55, (as a substitute res) constitutes or is derived from proceeds traceable to the commission of Securities Fraud offenses, including violations of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

32.    By virtue of the aforementioned acts and premises alleged herein, either singly or in combination, Defendant Three $38,072.55 is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(C).

Defendants 1 through 4 are in the custody of the United States, having been seized pursuant to legal process prior to the commencement of this action.   The United States respectfully requests the Court authorize the United States Marshal

Service to take custody and control of the Defendants pursuant to Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the Defendants, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared.

DATED: February 27, 2020

ROBERT S. BREWER, JR.
United States Attorney

s/LEAH R. BUSSELL
LEAH R. BUSSELL
Assistant U.S. Attorney

## VERIFICATION

I, John Shindledecker, state and declare as follows:

1.    I am a Senior Inspector with the United States Marshals Service, and I have talked to federal law enforcement officers involved in this investigation.

2.    I have read the foregoing Complaint For Forfeiture and know its contents.

3.    The facts set forth in the Complaint For Forfeiture are based upon my own knowledge or were facts furnished to me by official Government sources.

Based on this information, I believe the allegations in the Complaint For Forfeiture to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on February 26 , 2020.


John Shindledecker, Senior Inspector
United States Marshals Service

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$1,641,290.10 in Net Proceeds from the Sale of Real Property Located at 4633 Perham Road, Corona del Mar, CA, et al. +

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Leah R. Bussell, Phone: (619) 546-6727
USAO, 880 Front Street, Room 6293, San Diego, CA 92101-8893 +

Attorneys (If Known)

**'20CV0363 BEN WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☒ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Section 981(a)(1)(C)
Brief description of cause:
Securities Fraud +

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
02/27/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Leah R. Bussell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____